YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* ARM-
STRONG & COMPANY.

[71 South. 905.]

1. CARRIERS. *Carriage of live stock. Delay. Injuries.*

Where unusual shrinkage in cattle is caused by delay in shipment,
the shippers may recover upon proof of the weight of the cattle
when shipped and their weight when they arrived at destination,
together with proof of he normal shrinkage.

2. SAME.

When a shipment of cattle was negligently delayed, the shipper may
recover the difference between the price the cattle would have
brought had they arrived in a reasonable time at their desti-
nation and the price they actually brought after being delayed.

APPEAL from the circuit court of Leflore county.
HON. F. E. EVERETT, Judge.

Suit by Armstrong & Co. against the Yazoo & Missis-
sippi Valley Railroad Company. From a judgment for
plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Mayes, Wells, May & Sanders,* for appellant.

*R. S. Coleman,* for appellee.

SYKES, J., delivered the opinion of the court.

This is an appeal from a judgment of the circuit court
of Leflore county in favor of appellees against appellant
for the amount of three hundred and eight dollars. Suit
was filed on a claim for damages for the sum of four hun-
dred and eighty-four dollars because of losses alleged to
have been sustained by appellees on account of damages
to a shipment of two carloads of cattle shipped from
Inverness, Miss., to St. Louis, Mo., consigned to Clay-
Robinson & Co. The items of damage were as follows:

Extra car charges ................................$ 37.00
5,000 lbs. extra shrinkage in cattle at 3c per lb.... 150.00
Loss in market from decline in price............ 147.00
Five lost cattle at $30 per head................. 150.00

$484.00

The testimony in this case for the appellees, the plaintiffs in the court below, was very vague and indefinite upon all of the items of damages sued for. The testimony shows that the cattle were loaded into two cars by the agent of the shippers, and that when they reached St. Louis one car had been unloaded and the cattle reloaded into two cars, and it seems that there was an extra charge of thirty-seven dollars freight for this third car. While the testimony to establish this fact is rather uncertain, at the same time we believe there was enough testimony to submit the question to the jury. Consequently, it was not error in the court below to refuse the peremptory instruction asked by the appellant. The next item of damages claimed is five thousand pounds of shrinkage in cattle at three cents a pound, one hundred and fifty dollars, caused by an unusual delay en route. This item is not sustained by the testimony. The testimony merely shows that one carload of cattle reached St. Louis two days before the other two cars, whereas the two original cars were shipped together from Inverness. This unexplained delay on the part of the appellant would have been a sufficient justification to have found it guilty of negligence in delaying these last two cars, provided the testimony of the plaintiff had shown what this extra shrinkage or loss in weight caused by the two days' delay was. There is always a loss in weight on every shipment of cattle, and it was incumbent upon the plaintiffs in this case to show the jury what this necessary shrinkage was and the amount of the extra shrinkage caused by the delay in the shipment. This the testimony wholly failed to do. Plaintiff was entitled to recover the difference in the prices the cattle would have brought had

they reached their point of destination within a reasonable time and the price they actually brought upon the market. There is an item of damage of five cattle lost in transit in these cars. Plaintiff fails, however, to show that all the cattle shipped did not reach St. Louis. The depositions of all the parties who unloaded and counted all of these cattle upon their arrival at St. Louis were not taken. In fact, it seems from the record that interrogatories were filed to some witnesses in St. Louis who failed to respond to same. The exact weight of the cattle at the time they left Inverness is not properly shown by the testimony. It seems that the cattle were weighed by two different parties, and that these weights were taken down, but when these parties testified, neither of them produced his original weights, and they only testified approximately as to the weight of the cattle. This should be rectified in another trial. The exact weight of the cattle when they reached St. Louis is not shown, because the plaintiffs failed to take the depositions of all of the parties who weighed all of the cattle upon their arrival in St. Louis. There are certain papers filed as exhibits to depositions taken in St. Louis, but it is not shown that the statements contained on these exhibits are correct. Upon another trial the plaintiffs may be able to supply the necessary testimony to make out the case.

*Reversed and remanded.*